by weight of mineral pigment, plastic being the component material of chief value." It was held that it was not classifiable under paragraph 212 by similitude, because of the limitation of said paragraph to china, porcelain, and other vitrified ware "composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture," and articles wholly or in chief value thereof. It was held that these words were not merely descriptive, but exclusionary, and that wares or articles which did not show such a fracture could not be covered by paragraph 212 through any application of the similitude paragraph, including similitude of use. It was further pointed out that, as a matter of common knowledge, artificial teeth are made of substances other than porcelain and that there was no more reason for classifying the merchandise by similitude to porcelain teeth than to any of the other materials of which artificial teeth are made.

The amendment to paragraph 1559 by the Customs Simplification Act of 1954 (68 Stat. 1136), limiting similitude to similitude of use, does not warrant any different conclusion.

On the authority of the decision cited, we hold that the instant merchandise is properly dutiable at 10 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, and the President's notification of September 18, 1951, T. D. 52827, as unenumerated manufactured articles. To that extent, the protest is sustained. In all other respects, it is overruled. Judgment will be rendered accordingly.

**No. 62181.**—Morganite, Inc. v. United States, protests 322301–K and 325091–K (New York).

Opinion by Johnson, J. In accordance with stipulation of counsel that the merchandise consists of carbon powder similar in all material respects to that the subject of *Morganite, Inc.* v. *United States* (42 C. C. P. A. 207, C. A. D. 595), the claim of the plaintiff was sustained.

**No. 62182.**—Aeolian Shipping Co. et al. v. United States, protests 141191–K, etc. (New York).

Opinion by Donlon, J. In accordance with stipulation of counsel that the merchandise consists of olives in brine similar in all material respects to those the subject of *Moscahlades Bros., Inc.* v *United States* (39 Cust. Ct. 127, C. D. 1917), the claim of the plaintiffs was sustained.

**No. 62183.**—Levant American Commercial Corp. et al. v. United States, protests 150539–K, etc. (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of olives in brine similar in all material respects to those the subject of *Moscahlades Bros., Inc.* v. *United States* (39 Cust. Ct. 127, C. D. 1917), the claim of the plaintiffs was sustained.

**No. 62184.**—Century Jewelry Corp. *v.* United States, protests 326814–K and 327384–K (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of mother-of-pearl disks similar in all material respects to those the subject of *Paramount Export Co. et al.* v. *United States* (45 C. C. P. A. 82, C. A. D. 677), the claim of the plaintiff was sustained.

**No. 62185.**—Austin Nichols & Co., Inc. *v.* United States, protests 308784–K, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise consists of Campari bitters, assessed with an internal revenue tax of $10.50 per proof gallon on the alcoholic content; that said tax is imposed on the alcohol contained in like domestic products at the same rate; and that the issue is the same in all material respects as that in *R. U. Delapenha & Co., Inc.* v. *United States* (39 Cust. Ct. 136, C. D. 1918), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, JULY 16, 1958

**No. 62186.**—Weigert Dagen Shoe Co. *v.* United States, petition 6826–R (Laredo).

JOHNSON, Judge: This is a petition for remission of additional duties assessed under section 489 of the Tariff Act of 1930 by reason of undervaluation of imported merchandise.

The merchandise consists of damaged leather huaraches, imported from Mexico on September 29, 1950. It was invoiced at a unit value of $0.116 per pair, or a total of $318.07, including packing and shipping expenses and sales taxes. The consular invoice contains a notation, "Export tax, Unknown paid by purchaiser [*sic*]." Entry was made at the total invoice value, less $61.42, covering charges for handling at Nuevo Laredo, "Rev. Mex. Customs," drayage, aforo, and commission. The merchandise was appraised at the invoice unit values, net, packed.

The petition herein was filed on March 28, 1951, subsequent to appraisement on February 9, 1951. A hearing was held on October 1, 1952, at St. Louis, Mo., and the case was transferred to the next Laredo docket. However, the case was continued from time to time thereafter at the request of petitioner and with the consent of respondent. It was heard and submitted at Laredo on January 30, 1958, counsel for both parties being granted time in which to file briefs.